## NITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 03-20566-CR-LENARD/GOODMAN

UNITED STATES OF AMERICA,

     Plaintiff,

vs.

LIONEL GALLIMORE,

     Defendant.

_____/

## REPORT AND RECOMMENDATIONS

This matter is before the Court on Defendant Lionel Gallimore's *pro se* filing of July 28, 2010 (DE# 439), which the Clerk docketed as a "Motion for Clarification of Evidence used to determine sentence due to prison regulations." The Honorable Joan A. Lendard initially referred the motion to Magistrate Judge Patrick A. White for a Report and Recommendation on "the appropriateness of Defendant's Motion" (DE# 440, 09/08/2010), but on October 20, 2010, vacated the order of reference to Judge White and referred the motion to me (DE# 441).[1]

My review of the motion indicates that Defendant is complaining that the Bureau of Prisons has placed him in a more-restrictive confinement based on a state criminal charge for aggravated assault with a firearm that was included in his presentence investigation report. That charge stems from conduct allegedly committed on January 3, 1997. I have confirmed through the website of the Miami-Dade County Clerk that the State Attorney declined to prosecute this charge.[2] At the time of sentencing, the District

---

[1]     I have also been assigned to file a Report and Recommendations on the Defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (See 09-23541-CIV), which I will address in a separate Report and Recommendations to be filed on the civil docket.

[2]     *See* Miami-Dade County Clerk Criminal Justice and Civil Infraction Cases, http://www2.miami-dadeclerk.com/cjis/CaseSearch.aspx (search by case number, F-97-000374) (last visited Nov. 1, 2010).

Court also noted that the state declined prosecution on this charge with a handwritten notation on the presentence report: "case Nolle Prossed Jan 1997 / verified by Court on 5-30-07 / signed JAL".  The Defendant also filed a motion in state court pursuant to Florida Rule of Criminal Procedure 3.850 to vacate the sentence in the aggravated assault case, which was granted by a the Circuit Court on November 15, 2004.[3]  The Defendant's motion now asks the court to "expunge" the 13-year-old state criminal charge.

The District Court plainly cannot provide the relief sought.  The expunction of a state criminal charge is governed by state law, and state law leaves to the state court system the expunction of state criminal history records.  *See* Fla. Stat. § 943.0585.  Prior to obtaining an expunction, an individual must follow the procedures established by the statute.  These procedures do not authorize a federal court to expunge a state criminal charge.  Moreover, this court does not presently have jurisdiction over the relevant state criminal justice agencies because they are not parties in this case, which is the Defendant's *federal* prosecution.

It is well-settled in our federal system of government that the states and the federal government are dual sovereigns who may not ordinarily be sued in each others' courts.  *Cf. Cross v. Alabama*, 49 F.3d 1490, 1502 (11th Cir. 1995); *Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986).  Accordingly, absent some violation of federal law, the Defendant must pursue the relief he seeks in the state judicial system.  If, however, the Defendant, after diligent research, has a good faith belief that the Bureau of Prisons has violated his rights under federal law, his recourse, after pursuing appropriate administrative remedies, is to file a civil rights action under 42 U.S.C. § 1983.  The Defendant cannot, however, challenge the conditions of his confinement by filing a post-conviction motion in his *criminal* case.  *Cf. Hutcherson v. Riley*, 468 F.3d 750, 754-55 (11th Cir. 2006) ("When an inmate challenges the 'circumstances of his confinement' but not the validity of his conviction and/or sentence, then the claim is properly raised in a civil rights action" under § 1983).

---

[3]   Because the Defendant was never convicted, it appears to be a contradiction that his nonexistent sentence was vacated.  Nonetheless, the order attached to the Defendant's motion from the Florida Circuit Court clearly shows that the Circuit Court granted the Defendant's Rule 3.850 motion to vacate sentence.

I therefore recommend that the District Court **DENY** the Defendant's motion.[4]

Pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Rule 4(b), the parties have fourteen (14) days after being served with a copy of this Report and Recommendation to serve and file written objections, if any, with the Honorable Joan A. Lenard , United States District Judge.  Each party may file a response to the other party's objection within 14 days of the objections. Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in this report and bar the parties from attacking on appeal the factual findings contained herein. *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993) (citing *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988)).

RESPECTFULLY RECOMMENDED, in Chambers, in Miami, Florida, this 2nd day of November, 2010.

Jonathan Goodman
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Joan A. Lenard
All counsel of record

Lionel Gallimore, **PRO SE**
Reg. No. 69964-004
FCI - Jesup
Federal Correctional Institution
2680 301 South
Jesup, GA 31599

---

[4]     Although the principle relief sought by the Defendant is the expunction of his state criminal charge, to the extent that Defendant is also seeking that the District Court clarify what role this charge had in the District Court's sentencing determination, there does not appear to be any established procedure for such a motion.  I will, however, defer to the District Court's discretion on whether it wishes to provide the Defendant with additional clarification regarding his sentence.